OPINION
This is an accelerated calendar appeal submitted on the briefs of the parties from the judgment entry granting appellee, Lisa M. Caito, a stalking civil protection order against appellant, James A. Zucallo, which is to remain in effect for three years.
On May 3, 2000, appellee filed a petition on behalf of herself, her husband, and her daughter for a stalking civil protection order pursuant to R.C. 2903.214.[1] Following an ex parte hearing on May 9, 2000, the trial court entered an ex parte stalking civil protection order. Pursuant to this order, the matter was referred to a magistrate.
Although scheduled for a full hearing on May 16, 2000, the matter was continued to May 19, 2000, for reasons that are not reflected in the record before this court. The matter was again continued to May 26, 2000, to provide appellee the opportunity to respond to appellant's motion to dismiss, and to permit the trial court to consider the merits of this motion. Despite this continuance, the ex parte stalking civil protection order remained in effective until the rescheduled date.
In the interim, appellant filed a notice of deposition of appellee. In response, appellee filed a motion for protective order. On May 25, 2000, the trial court granted appellee's motion to quash the notice of deposition, and simultaneously denied appellant's motion to dismiss.
On May 26, 2000, after conducting a full hearing on this matter, the magistrate issued his decision granting appellee the stalking civil protection order against appellant, making the following findings of fact:
 "* * * [Appellant] knowingly caused [appellee] to believe that he would cause her physical and mental harm and distress by engaging in a course of conduct of threats, both physical and emotional, on more than two occasions during late January through March 2000, which violated R.C. 2903.211, including threatening to `slit her throat' and continued threats to expose their illicit relationship to their respective family members which threats caused and were meant to cause substantial mental distress to [appellee]."
 From this judgment, appellant filed a notice of appeal on June 21, 2000. Although it was apparent from the May 26, 2000 judgment entry that the trial court intended to follow the magistrate's decision, this judgment entry did not meet the requirements of a final appealable order as set forth in In re Castrovince (Aug. 16, 1996), Portage App. No. 96-P-0175, unreported, 1996 WL 1056815. As a result, this court issued a judgment entry on July 31, 2000, remanding this case to the trial court so that the court could issue the appropriate judgment entry.[2]
In compliance with this court's order, the trial court issued a judgment entry adopting the magistrate's decision on July 21, 2000.[3]
As such, appellant's June 21, 2000 notice of appeal was premature as of July 21, 2000. See App.R. 4(C). Accordingly, it is from July 21, 2000 judgment entry appellant appeals, asserting two assignments of error for our consideration.
Because the first and second assignments of error are interrelated in that they both challenge the trial court's adoption of the magistrate's decision, these assignments of error will be consolidated for purposes of analysis and resolution. While appellant makes numerous arguments under these assignments of error, we will address each argument individually. But, for organizational purposes, we will consider these arguments out of order.
First, appellant claims that both in the petition and at the hearing, appellee failed to satisfy her burden of proving that she was entitled to a stalking civil protection order. According to appellant, the threat to reveal the extramarital relationship between the parties does not constitute menacing by stalking.
A review of the record shows that appellant never filed objections to the magistrate's decision. As to this point, appellant suggests that he was not given the opportunity to file objections due to the defective and erroneous judgment entry issued on May 26, 2000.
Even though the trial court attempted to adopt the magistrate's decision by signing the May 26, 2000 judgment entry, appellant still
could have filed objections to the magistrate's decision within fourteen days of the filing of this decision. See Thompson v. Thompson (Aug. 10, 2001), Portage App. No. 2000-P-0110, unreported, 2001 Ohio App. LEXIS 3540, at 3; Huffman v. Huffman (July 13, 2001), Trumbull App. No. 2000-T-0095, unreported, 2001 Ohio App. LEXIS 3188, at 4; Simms v. Simms
(Mar. 27, 1998), Portage App. No. 97-P-0005, unreported, 1998 Ohio App. LEXIS 1276, at 12-13. See, also, Civ.R. 53(E)(3)(a) and 53(E)(4)(c). Appellant failed to do so, and instead filed a notice of appeal with this court.
While appellant suggests that the trial court erred by failing to provide him with any notice regarding his right to challenge the magistrate's decision by filing objections or submitting a request for findings of fact and conclusions of law, he is mistaken in this regard. A plain reading of Civ.R. 53 indicates that this civil rule does not
require the magistrate or the trial court to specifically notify a party of his/her right to file objections or request findings of facts and conclusions of law.
Accordingly, because appellant failed to file timely objections to the magistrate's decision, he "has now waived [his] right to appeal the trial court's adoption of those findings of fact and conclusions of law."Huffman at 5. See, also, Civ.R. 53(E)(3)(b). Consequently, appellant has waived his right to raise as error on appeal the following issues: (1) whether appellee's petition contained sufficient allegations to warrant the issuance of the May 9, 2000 ex parte stalking civil protection order;[4] (2) whether appellee satisfied her burden of proof at the May 26, 2000 hearing in order to obtain a stalking civil protection order; and (3) whether the threat to disclose the extramarital relationship between the parties constituted menacing by stalking under R.C.2903.211.[5]
Despite appellant's failure to present the trial court with objections, Civ.R. 53(E)(4)(a) provides that a trial court must determine whether there is any error of law or other defect on the face of the magistrate's decision before adopting it as its own. As to this point, appellant claims that the magistrate's decision was defective on its face when the magistrate characterized the parties' relationship as being "illicit." We disagree. In so doing, the magistrate was merely commenting on the parties' extramarital relationship, not insinuating that it was criminal in nature.
Having said that, we determine that there are no apparent errors on the face of the magistrate's decision; thus, the trial court properly adopted the magistrate's decision without modification.
Next, appellant challenges the trial court's decision to refer this matter to a magistrate, claiming that the court failed to issue an order of reference.
Generally speaking, Civ.R. 53(C) provides that a trial court may appoint a magistrate to oversee proceedings and dispose of cases. In order for a magistrate to have such authority, Civ.R. 53(C) requires the trial court to issue an order of reference. See, also, In re Morales
(Apr. 12, 2001), Cuyahoga App. No. 78271, unreported, 2001 WL 370637, at 7.
In the instant matter, the record shows that this case was referred to the magistrate pursuant to the May 9, 2000 order. While the trial court may not have issued a formal order of reference to the magistrate, the failure to enter such an order "is not a jurisdictional error in nature."Hines v. Amole (1982), 4 Ohio App.3d 263, paragraph one of the syllabus. See, also, Proctor v. Proctor (1988), 48 Ohio App.3d 55, 59; Schialdonev. Schialdone (Apr. 21, 1995), Trumbull App. No. 93-T-5007, unreported, 1995 WL 301458, at 2. Therefore, the magistrate had the authority to hear and determine the instant matter.
Appellant also contends that he was denied due process of law as he was not served with the May 3, 2000 petition until May 19, 2000. Appellant, however, has not demonstrated that he was prejudiced by this delay in service. For instance, appellant does not claim that the delay in service of the petition hindered his ability to prepare and present a defense at the May 26, 2000 hearing.
As for appellant's assertion that the May 16, 2000 hearing was erroneously continued to May 19, 2000, he again has failed to show any prejudice resulting therefrom. In fact, the continuance of the May 16, 2000 hearing was seemingly proper, as appellant was not served with the petition until May 19, 2000.
In summation, any error which may have occurred from the delay in service and the continuance of the May 16, 2000 hearing was harmless because appellant has not shown that he suffered prejudice as a result of these events. Civ.R. 61. See, generally, State v. Benner (1988),40 Ohio St.3d 301, 317; Bostic v. Connor (1988), 37 Ohio St.3d 144, 149
(generally holding that reversal is not warranted when an error is deemed harmless and no prejudice occurs).
Turning to appellant's next argument, he seems to suggest that it was error for the trial court to deny his motion to dismiss. While appellant claims that this decision interfered with his right to procedural due process, he makes no attempt to provide a legal explanation to support his contention. In accordance with App.R. 12(A)(2), we will disregard this issue as it was not properly argued in appellant's brief.
Finally, appellant maintains that the trial court prejudicially denied his discovery request by granting appellee's motion to quash the deposition. As to this point, appellant claims that he sought discovery under R.C. 2903.214(G) by filing a notice of deposition of appellee.
We agree with appellant that R.C. 2903.214(G) provides that the proceeding "shall be conducted in accordance with the Rules of Civil Procedure * * *." In light of this, we note that in accordance with R.C. 2903.214(D)(2)(a)(iv), a party can seek a continuance of a full hearing if under the circumstances, a need for discovery arises in order to properly prepare for the upcoming hearing. However, this does not appear to be the case in the instant matter.
While appellant claims the trial court erred in denying his discovery request, he fails to elaborate how he was prejudiced. For instance, appellant does not explain how the denial of his discovery request hindered his ability to prepare and present a defense at the May 26, 2000 hearing. Thus, any error resulting from the denial of discovery was harmless. Civ.R. 61. See, generally, Benner at 317; Bostic at 149.
Based on the foregoing analysis, appellant's first and second assignments of error are without merit, and the judgment of the trial court is affirmed.
JUDGE JUDITH A. CHRISTLEY, FORD, P.J., NADER, J., concur.
[1] Appellee made the following allegations in her petition:
 "[Appellant] has made physical threats `I will slit your throat.' He unlawfully restrained movement with physical force, and physical abuse. He has repeatedly harassed and stalked all my family members. Criminal charges have been filed by the Prosecutor for menacing by stalking and phone harassment. He is a convicted felon with a violent history[.]"
[2] As an aside, we note that the judgment entry issued by this court on July 17, 2000 remanding this matter was vacated by the July 31, 2000 judgment entry.
[3] Following the issuance of this decision, appellant filed a motion for leave to file objections and request for findings of fact and conclusions of law with the trial court, which was never expressly ruled upon. Despite that fact, it is presumed that the trial court overruled these motions. See, generally, Karlen v. Carfangia (June 1, 2001), Trumbull App. No. 2000-T-0081, unreported, 2001 Ohio App. LEXIS 2481, at 9-10.
[4] R.C. 2903.214(D)(1) provides for the issuance of an ex parte order upon a showing of immediate and present danger to the person to be protected by the order.
[5] R.C. 2903.211 governs menacing by stalking and subsection (A) reads as follows:
 "No person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." (Emphasis added.)